UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
U.S. UNDERWRITERS INSURANCE COMPANY,

               Plaintiff,

        -against-

LIBERTY SQUARE REALTY INC., ALEJANDRO L.
LUCERO-VASQUEZ and THE CITY OF NEW YORK,

               Defendants.
-----------------------------------------------------------------------x

CIV: 08 CV 02780

**COMPLAINT**

     Plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY, by its attorneys MIRANDA
SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, complaining of the defendants, alleges,
upon information and belief, as follows:

### THE PARTIES

1. That at all relevant times plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY
   ("U.S UNDERWRITERS"), was and still is a foreign corporation, citizen of North Dakota,
   duly organized and existing under and by virtue of the laws of the State of North Dakota,
   with its principal place of business located at 190 South Warner Road, Wayne, Pennsylvania.

2. At all times hereinafter mentioned, plaintiff issued policies of insurance in the State of New
   York, through agents as permitted by New York law.

3. That upon information and belief, at all relevant times, defendant Liberty Square Realty Inc.
   ("Liberty") was a New York citizen and corporation organized by and existing under the laws
   of the State of New York, with offices at 37 Maple Lane, Cedarhurst, New York, 11516.

4. That upon information and belief, at all relevant times, defendant Alejandro L. Lucero-Vasquez ("Vasquez") was and still is a citizen of New York and an individual residing at 3215 Holland Avenue, Apt. B4, Bronx, New York, 10467.

5. That upon information and belief, at all relevant times, defendant The City of New York was and still is a Municipal Corporation of the State of New York, duly existing under and by virtue of the laws of the State of new York and located at 100 Church Street, New York, New York 10007.

### JURISDICTION

6. That this Court has subject matter jurisdiction due to diversity of citizenship and an amount in controversy in excess of $75,000 exclusive of interest and costs, pursuant to 28 U.S.C. §1332.

7. That venue is proper in this District pursuant to 28 U.S.C. §1391 in that the claim arose in this District.

8. That a controversy exists between the parties as to the coverage afforded under a policy of insurance and the provisions of said policy.

9. That circumstances exist that justify a determination by the Court, pursuant to 28 U.S.C. §2201, of the rights and obligations of the defendants as to the terms of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

10. That plaintiff has no adequate remedy at law.

**THE SUBJECT POLICY**

11. That the plaintiff, U.S. Underwriters, issued a Commercial Liability Policy of insurance to

    Liberty Square Realty Inc.   Policy Number CL3078836B, for the Policy Period August 20,

    2006 to August 20, 2007 ("The Policy").

**THE OCCURRENCE AND UNDERLYING ACTION**

12. That on November 8, 2006, Vasquez was an employee of Eastern Water Proofing Corp.

13. That on November 8, 2006, Eastern Water Proofing Corp. was a contractor or subcontractor

    hired by the insured Liberty to perform renovation work at the insured's premises located at

    513 East 161st Street, Bronx, New York 10451.

14. That on November 8, 2006, while lawfully working at the subject premises, Vazquez claims

    that he allegedly sustained personal injuries when a wall collapsed at the insured's premises.

15. That Liberty had knowledge of the incident involving the wall falling on Vasquez in

    November of 2006.

16. That on or about July 30, 2007, Vasquez commenced the action entitled Alejandro L.

    Lucero-Vasquez v. City of New York and Liberty Square Realty Corp., Index No. 17941/07,

    in New York State Supreme Court, Bronx County, (the "Underlying Action"). A copy of the

    complaint in that action is attached as **Exhibit A.**

17. That the complaint in the Underlying Action alleges that Vasquez suffered personal injuries

    on November 8, 2006 when a wall fell on him, due to the negligence of the defendants, as

    well as violations of New York State Labor Law by the defendants in that action.

## DISCLAIMER

18. That the first notice of the occurrence and claim, was provided to U.S. Underwriters on August 30, 2007, over nine months after the occurrence and the insured's having knowledge of the occurrence.

19. That U.S. Underwriters, upon receiving notice, promptly commenced an investigation and disclaimed coverage through a letter dated September 4, 2007 which was sent to Liberty, the City of New York and Vasquez.

20. U.S. Underwriters disclaimed based on several policy exclusions and the precondition to coverage that U.S. Underwriters receive timely notice of an occurrence or claim.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "20" as if fully set forth at length herein.

22. The Policy Provides in pertinent part as follows:

### SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

#### 2. Duties In The Event of Occurrence, Offense, Claim or Suit

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;

    (2) The name and addresses of any injured persons and witnesses; and

    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.   If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection of any claim or "suit";

(2) Authorize us to obtain records of other information

(3) Cooperate with us in the investigation or settlement of claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization, which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.   No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**SECTION V – DEFINITIONS**

**13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful condition.

23. Vasquez claims that the wall allegedly fell on him on November 8, 2006, and the insured Liberty and claimant Vasquez had notice of this occurrence in November of 2006.

5

24. Liberty, the City of New York and Vasquez unreasonably and inexcusably failed to provide timely notice of the occurrence to U.S. Underwriters.

25. U.S. Underwriters has properly disclaimed coverage as to the occurrence and claims asserted in the Underlying Action, in that the obligation to provide timely notice of the occurrence was violated.

26. U.S. Underwriters is therefore entitled to a declaration that it has no obligation either to defend or indemnify Liberty or the City of New York or any other party with regard to the claims in the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "26" as if fully set forth at length herein.

28. The Policy Provides in pertinent part as follows:

## BODILY INJURY EXCLUSION - ALL EMPLOYEES, VOLUNTEER WORKERS, TEMPORARY WORKERS, CASUAL LABORERS, CONTRACTORS, AND SUBCONTRACTORS

I.    **Paragraph 2. Exclusions** subparagraph e. of Section **I — Coverages, Coverage A Bodily Injury and Property Damage Liability** is deleted in its entirety and replaced with the following:
1. "Bodily injury" to any "employee", "volunteer worker", "temporary worker" or "casual laborer" arising out of or in the course of:

(a) Employment by any insured; or
(b) Performing duties related to the conduct of any insured's business;

2. "Bodily injury" to any contractor, subcontractor or any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor, subcontractor or "employee", "volunteer worker", "temporary worker" or "casual laborer" of such contractor or subcontractor for which any insured may become liable in any

6

capacity; or

3. Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"; or

4. "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any insured, or of a contractor, subcontractor, or of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor as a consequence of any injury to any person as set forth in paragraphs 1. and 2. of this endorsement.

This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss of services and any claim under which any insured may be held liable under any Workers' Compensation law.

"Casual laborer" means any person providing work or materials to any insured for compensation of any type.

II. As respects this exclusion solely, Section **IV. Commercial General Liability Conditions,** item 7. **Separation of Insureds** is deleted in its entirety and replaced with the following:

**7. Separation of Insureds**
Except with respect to the Limits of Insurance, this exclusion and to any rights or duties specifically assigned in this coverage part to the first Named Insured, this insurance applies:
a. As if each Named Insured were the only Named Insured; and
b. Separately to each insured against whom claim is made or "suit" is brought

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

## Section V - Definitions

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

5.     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

10.     "Leased worker" means a person leased to you by a labor leasing firm

7

under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "leased worker" does not include a "temporary worker".

19.    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

29.  Vasquez was an employee of Eastern Water Proofing, who was Liberty's contractor, and the injuries alleged by Vasquez in the Underlying Action, arise from bodily injuries to an employee, leased worker or temporary worker of a contractor and are expressly excluded from coverage by the provision cited above.

30.  U.S. Underwriters is therefore entitled to a declaration that it has no obligation either to defend or indemnify Liberty or the City of New York or any other party with regard to the claims in the Underlying Action.

## AS FOR A THIRD CAUSE OF ACTION

31.  Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "30" as if fully set forth at length herein

32.  The Policy Provides in pertinent part as follows:

### INDEPENDENT CONTRACTORS EXCLUSION

I.    It is agreed that this policy shall not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the operations performed for any insured by independent contractors or acts or omissions of any insured in the selection and retention of contractors or acts or omissions of any insured in connection with their general supervision of such operations.

II.    As respects this exclusion solely, Section **IV. Commercial General Liability Conditions, item 7. Separation of Insureds** is deleted in its entirety and replaced with the following:

8

7. **Separation of Insureds**

Except with respect to the Limits of Insurance, this Independent Contractors Exclusion, and to any rights or duties specifically assigned in this coverage part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and
b. Separately to each insured against whom claim is made or "suit" is brought

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

33. The alleged injuries suffered by Vasquez arose from the work being performed by Eastern Water Proofing, an independent contractor, or other contractors for the insured, Liberty, and thus the claims in the Underlying Action are excluded from coverage by the provision cited above.

34. U.S. Underwriters is therefore entitled to a declaration that it has no obligation either to defend or indemnify Liberty or the City of New York or any other party with regard to the claims in the Underlying Action.

**WHEREFORE**, plaintiff U.S. UNDERWRITERS INSURANCE COMPANY requests that judgment be made and entered herein:

(a) Declaring that the plaintiff has no obligation towards defendant Alejandro L. Lucero-Vasquez under U.S. Underwriters policy number CL3078836B;

(b) Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Liberty Square Realty Inc. under U.S. Underwriters policy number CL3078836B as to the claims in the Underlying Action;

9

(c)  Declaring that the plaintiff has no obligation to defend and/or indemnify

defendant The City of New York Under U.S. Underwriters policy number

CL3078836B as to the claims in the Underlying Action; and

(d)  Granting to plaintiff such other and further relief as this Court may deem just,

proper, and equitable under the circumstances, together with the costs and

disbursements of this action.

DATED:        Mineola, New York
              March 13, 2008

                            MIRANDA SOKOLOFF SAMBURSKY
                            SLONE VERVENIOTIS LLP
                            Attorneys for Plaintiff
                            **U.S. UNDERWRITERS INSURANCE
                            COMPANY**

                            By:_____
                            Steven Verveniotis
                            240 Mineola Boulevard
                            Mineola, New York 11501
                            (516) 741-7676
                            Our File No.:  08-092

10

Exhibit A

08/30/2007  11:08    7189986362                KLEIN,EVIN                              PAGE  05

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------X

ALEJANDRO L LUCERO-VASQUEZ

                        Plaintiff(s),

                -against-

CITY OF NEW YORK and LIBERTY SQUARE REALTY
CORP

                        Defendant(s).

-------------------------------------------------------X

Index No.: 17941/07
Date Purchased: JUL 30 2007
VERIFIED COMPLAINT

RECEIVED
2007 JUL 30 AM II:59
BRONX COUNTY
COUNTY CLERK

Plaintiff, by his attorneys, GREENBERG & STEIN, P.C., complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF ALEJANDRO L LUCERO-VASQUEZ

1.    That at all times herein mentioned, Plaintiff was, and still is, a resident of the County of Bronx, State of New York.

2.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

3.    That on November 8, 2006, and at all times herein mentioned, Defendant CITY OF NEW YORK was, and still is a municipal corporation.

4.    That on January 29, 2007, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the Plaintiff's behalf on the Comptroller for the City of New York and that thereafter said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and

2

within the time provided by law, this action was commenced.

5.    That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

6.    That at all times herein mentioned, Defendant **LIBERTY SQUARE REALTY CORP** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.    That at all times herein mentioned, Defendant **LIBERTY SQUARE REALTY CORP** was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    That at all times hereinafter mentioned, Defendant **LIBERTY SQUARE REALTY CORP** maintained a principal place of business in the County of Kings, State of New York.

9.    That at all times herein mentioned, Defendant **CITY OF NEW YORK** more specifically, New York City Department of Citywide Administration Services, owned a premises, building, structure, appurtenances and fixtures thereat located at 513 East 161st Street, in the County of Bronx, State of New York, known as the Old Courthouse.

10.    That at all times herein mentioned, Defendant **CITY OF NEW YORK** operated the aforesaid premises, building, structure, appurtenances and fixtures thereat.

11.    That at all times herein mentioned, Defendant **CITY OF NEW YORK** maintained the premises, building, structure, appurtenances and fixtures thereat.

12.    That at all times herein mentioned, Defendant **CITY OF NEW YORK** controlled the aforesaid premises, building, structure, appurtenances and fixtures thereat.

13.    That at all times herein mentioned, Defendant **CITY OF NEW YORK** managed the

3

aforesaid premises, building, structure, appurtenances and fixtures thereat.

14.    That at all times herein mentioned, Defendant CITY OF NEW YORK repaired the aforesaid premises, building, structure, appurtenances and fixtures thereat.

15.    That at all times herein mentioned, it was the duty of the Defendant CITY OF NEW YORK to maintain the aforesaid premises, building, structure, appurtenances and fixtures thereat in a relatively safe condition.

16.    That at all times herein mentioned, Defendant LIBERTY SQUARE REALTY CORP owned a premises, building, structure, appurtenances and fixtures thereat located at 513 East 161st Street, in the County of Bronx, State of New York, known as the Old Courthouse.

17.    That at all times herein mentioned, Defendant LIBERTY SQUARE REALTY CORP operated the aforesaid premises, building, structure, appurtenances and fixtures thereat.

18.    That at all times herein mentioned, Defendant LIBERTY SQUARE REALTY CORP maintained the premises, building, structure, appurtenances and fixtures thereat.

19.    That at all times herein mentioned, Defendant LIBERTY SQUARE REALTY CORP controlled the aforesaid premises, building, structure, appurtenances and fixtures thereat.

20.    That at all times herein mentioned, Defendant LIBERTY SQUARE REALTY CORP managed the aforesaid premises, building, structure, appurtenances and fixtures thereat.

21.    That at all times herein mentioned, Defendant LIBERTY SQUARE REALTY CORP repaired the aforesaid premises, building, structure, appurtenances and fixtures thereat.

22.    That at all times herein mentioned, it was the duty of the Defendant LIBERTY SQUARE REALTY CORP to maintain the aforesaid premises, building, structure, appurtenances and fixtures thereat in a relatively safe condition.

4

08/30/2007  11:00    7189986362          KLEINLEVIN                      PAGE  08

23.   That at all times herein mentioned, Defendant(s) CITY OF NEW YORK and/or LIBERTY SQUARE REALTY CORP hired and/or retained the Eastern Water Proofing Corp to perform construction work, labor and/or services upon premises located at 513 East 161st Street, Bronx, NY in the County of Bronx State of New York.

24.   That at all times herein mentioned, and on, or prior to, November 8, 2006, Eastern Water Proofing Corp was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 513 East 161st Street, Bronx, NY in the County of Bronx, State of New York.

25.   That at all times herein mentioned, Defendant(s) CITY OF NEW YORK and/or LIBERTY SQUARE REALTY CORP entered into an agreement and contract with Eastern Water Proofing Corp by which the latter was to provide certain work, labor, services and material to the former as the general contractor with respect to certain construction work, labor and services with respect to the construction of the premises located at 513 East 161st Street, Bronx, NY in the County of Bronx, State of New York.

26.   That on November 8, 2006, the Plaintiff ALEJANDRO L LUCERO-VASQUEZ was an employee of Eastern Water Proofing Corp.

27.   That at all times herein mentioned, and on, or prior to, November 8, 2006, the Defendants, their agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 513 East 161st Street, Bronx, NY in the County of Bronx, State of New York.

28.   That the Defendants, their agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

5

29.    That the Defendants, their agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

30.    That on November 8, 2006, while Plaintiff ALEJANDRO L LUCERO-VASQUEZ was lawfully and carefully working upon said premises, he was caused to sustain serious injuries when a wall collapsed on him, by reason of the negligence of the Defendants, their agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, rehabilitation and/or alteration of said premises and Plaintiff sustained the injuries hereinafter alleged.

31.    That the Defendants, their agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, maintenance, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the Plaintiff with a safe place to work; and the Defendants were otherwise negligent, reckless and careless.

32.    That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

33.    That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

34.    That by reason of the foregoing, the Plaintiff has been rendered sick, sore, lame, maimed and disabled, and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will in the future expend sums of money for

6

08/30/2007  11:08    7189986362                KLEINLEVIN                           PAGE  18

medical aid and attention, and that by reason of the foregoing Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF ALEJANDRO L LUCERO-VASQUEZ

35.    Plaintiff ALEJANDRO L LUCERO-VASQUEZ repeats, reiterates and re-alleges each and every allegation contained above, with the same force and effect as though fully set forth herein.

36.    That on November 8, 2006, there existed, in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

37.    That by reason of the negligence of the Defendants as aforesaid, the Defendants violated Section 200 of the Labor Law of the State of New York.

38.    That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF ALEJANDRO L LUCERO-VASQUEZ

39.    Plaintiff ALEJANDRO L. LUCERO-VASQUEZ repeats, reiterates and re-alleges each and every allegation contained above, with the same force and effect as though fully set forth at length herein.

40.    That on November 8, 2006, there existed, in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York.

41.    That by reason of the negligence of the Defendants as aforesaid, the Defendants violated Section 240 of the Labor Law of the State of New York.

7

08/30/2007  11:08    7109906362          KLEIN,EVIN                      PAGE  12

## ATTORNEY'S VERIFICATION

JOSHUA N. STEIN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at GREENBERG & STEIN, P.C., attorneys of record for Plaintiff(s), **ALEJANDRO I. LUCERO-VASQUEZ**.

I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:     New York, New York
           July 17, 2007

JOSHUA N. STEIN

9

