UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
U.S. UNDERWRITERS INSURANCE COMPANY,

                           Plaintiff,

                -against-

LIBERTY SQUARE REALTY, INC., ALEJANDRO L.
LUCERO-VASQUEZ and THE CITY OF NEW YORK

                         Defendants.

-----------------------------------------------------------------------x

Docket No.: 08-CV-2780
(RJS)

**DECLARATION**

**STEVEN VERVENIOTIS,** an attorney duly admitted to practice law before this Court and aware of the penalties of perjury, declares the following:

1.      I am a member of the Bar of this Court and am a partner with the firm of Miranda Sambursky Slone Sklarin Verveniotis, LLP, attorneys for plaintiff U.S. UNDERWRITERS INSURANCE COMPANY ("U.S. Underwriters"), in the above-entitled action.  As such, I am familiar with all the facts and circumstances in this action.

2.      I submit this declaration in support of U.S. Underwriters' motion for summary judgment seeking a declaration from the Court that U.S. Underwriters is not obligated to defend and indemnify LIBERTY SQUARE REALTY INC. ("Liberty") or ALEJANDRO L. LUCERO-VASQUEZ ("Lucero-Vasquez") or any other party as to the claims asserted in the underlying personal injury action captioned Alejandro L. Lucero-Vasquez v. City of New York and Liberty Square Realty Corp, pending in the Supreme Court for the State of New York, Bronx County, under Index Number 17941/07,  (hereinafter underlying action").

3.      I submit this declaration to place before the Court the pleadings and other documents obtained through discovery relevant to the motion in this matter.

## PLEADINGS

4.      On or about March 17, 2008, U.S. Underwriters commenced this action by filing a declaratory judgment complaint with the Court.  See **Ex. "A"** for Complaint in this action.

5.      On or about April 15, 2008, the City of New York interposed its Answer.  See **Ex. "B"** for City's Answer.

6.      On or about May 5, 2008, U.S. Underwriters interposed its Answer to Liberty-Square's counterclaims.  See **Ex. "C"** for U.S. Underwriters' Answer to counterclaims.

7.      On or about May 7, 2008, Liberty interposed its Answer.  See **Ex. "D"** for Liberty's Answer.

8.      On or about May 9, 2008, Lucero-Vasquez interposed his Answer.  See **Ex. "E"** for Lucero-Vasquez's Answer.

9.      On or about October 10, 2008, plaintiff dismissed the case as against the City of New York pursuant to a stipulation which was "So Ordered" by the Court.  In exchange for the dismissal, the City of New York agreed to be bound by any coverage determination made in this action.  See **Ex. "F"** for this Stipulation.

10.     On or about May 22, 2008, U.S. Underwriters served a Notice to Produce upon both Liberty and Lucero-Vasquez.  See **Ex. "G"** for U.S. Underwriters' Notice to Produce.

11.     On or about October 10, 2008, Liberty provided a response to U.S. Underwriters' Notice to Produce.  See **Ex. "H"** for Liberty's written response to U.S. Underwriters' Notice to Produce.

## DISCOVERY

12.     On or about October 13, 2008, U.S. Underwriters served a Notice to Admit upon Liberty and Lucero-Vasquez.  See **Ex. "I"** for the Notice to Admit.

13.   On or about November 7, 2008, Lucero-Vasquez provided responses to U.S. Underwriters' Notice to admit.   See **Ex. "J"** for Lucero-Vasquez responses to the Notice to Admit.

14.   On or about November 6, 2008, Liberty provided responses to U.S. Underwriters' Notice to Admit.   See **Ex. "K"** for Liberty's responses to the Notice to Admit.

15.   On or about April 2, 2009, U.S. Underwriters served a subpoena on Liberty's insurance broker, Fairmont Insurance Brokers, Ltd. ("Fairmont").   See **Ex. "L"** for Subpoena on Fairmont.

16.   On or about, May 1, 2009, Fairmont provided documents responsive to U.S. Underwriters' subpoena.   See **Ex. "M"**.

17.   On or about May 5, 2009, U.S. Underwriters provided all parties with a copy of the documents provided by Fairmont.   See **Ex. "N"**.

18.   The documents provided by Fairmont show that on May 22, 2006, Trans World sent a quote to Fairmont regarding the renewal of Liberty's policy CL3078836A which was to expire on August 20, 2006.   See **Ex. "O"**.

19.   On July 24, 2006, Fairmont submitted an application on behalf of Liberty for a policy to cover the period from August 20, 2006 through August 20, 2007. See **Ex. "P"**.

20.   On August 1, 2006 Trans World submitted a binder to Fairmont for a renewal of policy CL3078836A, which was given policy number CL3078836B; the Binder indicated that CL3078836B had a term from August 20, 2006 through August 20, 2007 and both the L-500 and L-278 exclusions were to be included with the policy. See **Ex. "Q"**.

21.   On September 6, 2006, Fairmont sent a letter to Liberty with a copy of policy CL3078836B.   In its letter, Fairmont informed Liberty that CL3078836B was the renewal of a

similar policy. The declarations page from the the policy Fairmont sent to Liberty with the September 6, 2006 letter included both the L-500 and L-278 endorsements. <u>See</u> **Ex. "R"**.

22.     On or about May 7, 2009, a deposition of Alejandro L. Lucero-Vasquez was conducted. A copy of the transcript of Lucero-Vasquez's deposition is attached as **Ex. "S"**.

23.     On or about May 8, 2009, a deposition Liberty Square Realty, Corp. was conducted through one of its principals, Henry Weinstein. A copy of the of Liberty's deposition is attached as **Ex. "T"**

24.     After Liberty's deposition, U.S. Underwriters sent several requests for documents, which U.S. Underwriters had previously discussed in discovery, including a written contract between Liberty and Eastern. Liberty has not responses. <u>See</u> **Ex. "U"** for U.S. Underwriters' letters.

25.     Finally, on June 22, 2009, Liberty's Counsel produced an additional seven documents through email. <u>See</u> **Ex. "V"** for the email and additional documents.

26.     Included with Liberty's June 22, 2009 production were a certificate of Workers' Compensation Insurance from the New York State Insurance Fund naming Eastern Waterproofing Corp. as the insured and Liberty Square Realty Inc. as the Certificate Holder. Liberty also produced an ACORD Insurance Binder for a CGL policy issued to Eastern Waterproofing Corp. by "Adriatic." <u>See</u> Ex. V.

27.     Liberty's June 22, 2009 production also included 3 Work Permit Data Sheets issued by the NYC Department of Buildings. The permits were issued to Baljit Gill of Eastern Waterproofing Corp. for removal of debris and minor interior repairs and demolition. <u>See</u> Ex. V.

28.     Finally, the June 22, 2009 production contained two document regarding a Surety for Eastern Waterproofing's work. <u>See</u> Ex. V.

29.     Pursuant to an Authorization provided by counsel for Lucero-Vasquez, U.S. Underwriters obtained a copy of his Workers' Compensation file, which included an OC-400 form in which Lucero-Vasquez as "Claimant" names Eastern Water Proofing Corp. as his employer.  Lucero-Vasquez singed the OC-400 form.  See **Ex. "W"** for a copy of the OC-400 form signed by Lucero-Vasquez.

30.     As discussed in greater detail in U.S. Underwriters' accompanying 56.1 Statement, Affidavit of Carol Ann Myrtetus and Memorandum of Law, the above-referenced evidence provides the grounds in which U.S. Underwriters disclaimed.

**WHEREFORE**, it is respectfully requested that the Court grant plaintiff U.S. Underwriters Insurance Company's motion for summary judgment declaring that it has no obligation to defend or indemnify Liberty Square Realty Corp. or Alejandro L. Lucero-Vasquez in the underlying action, together with such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
       June 24, 2009

STEVEN VERVENIOTIS (SV-8800)

5

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                                     ) ss.:
COUNTY OF NASSAU      )

        Leila Krim, being duly sworn, deposes and says that deponent is not a party to the action,

is over 18 years of age and resides in Long Beach, New York.

        That on June 25, 2009, deponent served the within **NOTICE OF MOTION AND**

**DECLARATION** upon:

Yoram Nachimovsky, Esq.             GREENBERG & STEIN
Counsel for LIBERTY SQUARE     Ian Asch, Esq.
299 Broadway, Suite 605            Attorney for Defendant
New York, NY 10007                LUCERO-VASQUEZ
                                     275 Madison Avenue, Suite 1100
                                     New York, NY 10016

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same

enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive

care and custody of the United States Post Office Department within the State of New York.

                                                   _____
                                                   Leila Krim

Sworn to before me this 25
day of June 2009.

_____
NOTARY PUBLIC

                            **SUSAN C. MONCADA**
                    **Notary Public, State of New York**
                        **No. 01MO6166372**
                        **Qualified in Queens County**
                        **Terms Expires May 21, 2011**